**MARR JONES & WANG**
A LIMITED LIABILITY LAW PARTNERSHIP

CHRISTOPHER S. YEH        6777-0
 (*cyeh@marrjones.com*)
ASHLEY C. CHINEN          10704-0
 (*achinen@marrjones.com*)
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700

Attorneys for Defendant
MOVEMENT MORTGAGE, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA VAN KURAN,<br><br>Plaintiff,<br><br>vs.<br><br>MOVEMENT MORTGAGE, LLC; and DOE DEFENDANTS 1-50,<br><br>Defendants. | CIVIL NO. _____<br><br>DEFENDANT MOVEMENT MORTGAGE, LLC'S **NOTICE OF REMOVAL**; DECLARATION OF CHRISTOPHER S. YEH; EXHIBIT A; DECLARATION OF PATRICIA TRIMBLE; CERTIFICATE OF SERVICE<br><br>No Trial Date Set. |

**DEFENDANT MOVEMENT
MORTGAGE, LLC'S NOTICE OF REMOVAL**

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

HAWAII:

1458287/2561.001

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Movement Mortgage, LLC ("Defendant") hereby removes 1CCV-22-0001384 from the Circuit Court of the First Circuit, State of Hawaii ("Circuit Court"), to the United States District Court for the District of Hawaii. The grounds for removal are as follows:

1. The instant action was commenced by Plaintiff Patricia Van Kuran ("Plaintiff") by the filing of a Complaint in the Circuit Court, identified as 1CCV-22-0001384, *Patricia Van Kuran vs. Movement Mortgage, LLC* (the "Complaint").

2. The Complaint was served on Defendant on November 9, 2022. A true and correct copy of the Complaint served on Defendant is attached hereto as Exhibit A. Declaration of Christopher Yeh ("Yeh Decl.") at ¶2.

3. No other process, pleadings, and/or orders have been served upon Defendant in this case.

4. No further proceedings have been had, and thirty days have not elapsed since this action became removable to this Court. Thus, removal of this action is timely under 28 U.S.C. § 1446(b).

5. Defendant has a right to remove this action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between the parties, and the matter in controversy in this lawsuit

exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(a), as Plaintiff seeks damages the sum or value of which exceeds $75,000.00, exclusive of interest and costs.

6. More specifically, Plaintiff is a citizen of the state of Hawaii. In her Complaint, Plaintiff avers that she was a resident of the State of Hawaii at all relevant times. *See* Ex. A at ¶1. Residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (10th Cir. 1994).

7. Defendant is not a citizen of the State of Hawaii. As to limited liability companies (LLCs), "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). As to corporations, pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id.* "The public often (though not always) considers it the corporation's main place of business." *Id.* at 1193. In Defendant's case, Defendant is a limited liability

company with two owner-members, both of which are corporations: Abram's Promise, Inc. and Harris Covenant, Inc. *See* Declaration of Patricia Trimble ("Trimble Decl.") at ¶2. Abram's Promise, Inc. is incorporated in the State of North Carolina and has its principal place of business (where its officers direct, control, and coordinate its operations) at its headquarters at 8024 Calvin Hall Road, Indian Lakes in the State of South Carolina. *Id*. Harris Covenant, Inc. is incorporated in the State of Virginia and has its principal place of business (where its officers direct, control, and coordinate its operations) at its headquarters at 824 N Military Highway, Norfolk in the State of Virginia. *Id*. Therefore, Defendant has no citizenship in the State of Hawaii.

8. Although Plaintiff has also named fictitious Doe defendants, 28 U.S.C. § 1441(a) provides, "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *See also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).

9. Consequently, there is diversity of citizenship between Plaintiff and Defendant.

10. In addition, without conceding that Plaintiff is entitled to or could recover damages in any amount, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332. "[W]here it is unclear or

ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Ninth Circuit "appl[ies] a preponderance of the evidence standard." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted). "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1202-05 (E.D. Cal. 2008) (quoting *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D. Ky. 1994)). "If the complaint does not clearly specify damages, the court may examine facts in the complaint and evidence submitted by the parties. The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002) (citation omitted). "[S]ummary judgment-type evidence" may be considered during removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

      11.    In the instant case, Plaintiff's alleged damages, if proven, exceed the $75,000 jurisdictional limit, exclusive of costs and interest. The Complaint prays for a wide range of damages such as (a) general damages (Ex. A at Prayer); (b) special damages, in light of Plaintiff's alleged wrongful termination on September 23, 2022 (Ex. A at ¶¶ 72-73), including wage loss (Ex. A at ¶85); (c) punitive damages (Ex. A at Prayer); and (d) attorney's fees (Ex. A at Prayer).

12. Plaintiff's annual wages alone exceed the $75,000 threshold. In October 2021, Plaintiff commenced employment with Defendant. *See* Trimble Decl. at ¶3. For 2022, in which Plaintiff was only employed for part of the year until her separation in October 2022, Plaintiff's gross earnings were in the amount of $83,936. *Id*. at ¶3. Without Defendant conceding Plaintiff is entitled to any wage loss damages, but taking into account Plaintiff's claim for allegedly wrongful termination in September 2022, and the fact that an adjudicatory hearing in this matter will not occur until at least Winter 2023, Plaintiff's alleged wage loss *by itself* could well exceed $75,000.

13. Further, when the underlying substantive law provides for the award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff has sought attorneys' fees in the Complaint (*see* Ex. A at ¶85), which are permitted by Hawai`i Revised Statutes section 378-64 for whistleblower claims. Attorneys' fees should therefore be included in analyzing the amount in controversy. It is anticipated that, in addition to having already prepared the Complaint, Plaintiff's attorney in this case will have to engage in the following activities to arbitrate or litigate this matter: preparing Plaintiff for her deposition, defending Plaintiff's deposition, preparing written discovery, responding to written discovery, preparing for depositions of defense witnesses,

taking depositions of defense witnesses, opposing a motion for summary judgment or partial summary judgment, and (if summary judgment is not entirely granted) proceeding through arbitration hearing or trial. *See* Yeh Decl. ¶3.

14. As such, upon information and belief, the matter in controversy in this lawsuit exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

15. Venue is proper in the District of Hawai`i pursuant to 28 U.S.C. § 1391 inasmuch as the events giving rise to the instant lawsuit allegedly occurred in the District of Hawai`i. *See* Ex. A.

16. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide Plaintiff with written notice of the filing of this Notice of Removal and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of the First Circuit, State of Hawaii.

17. By filing this Notice of Removal, Defendant waives no defenses to the Complaint or any arguments or positions including but not limited to Plaintiff's duty to arbitrate this matter.

//
//
//
//
//

WHEREFORE, Defendant respectfully requests that this action be removed from the Circuit Court to this Court and that it proceed herein.

DATED:  Honolulu, Hawaii, December 8, 2022.

         /s/ *Christopher S. Yeh*
        CHRISTOPHER S. YEH
        ASHLEY C. CHINEN
         Attorneys for Defendant
         MOVEMENT MORTGAGE, LLC